## James Rising, Jun. *versus* Justin Granger.

Taxes on the unimproved lands of non-resident proprietors or on improved lands of proprietors living without the *state*, are not a personal charge, but a lien on the lands only —In an action for false imprisonment, the plaintiff will not be permitted to prove special damage, unless laid in the declaration. In *such* action, if the jury find less than £4 damages, the Court has no discretion as to costs, for the statute has expressly restricted the costs to 1-2 of the amount of the damages.

This was an action of assault, battery, and false imprisonment, brought by *James Rising, jun.* vs. *Justin Granger.* The plaintiff laid his damages at $100.

*The defendant pleaded the *general issue,* and gave [ * 48 ] notice, agreeably to the *stat. of Feb.* 25, 1793, (*stat.* 1792, *c.* 41,) that he should justify as a collector of taxes for the fourth parish in *West Springfield.*

It appeared in evidence that the plaintiff's *domicil* was in the state of Connecticut; that the farm of land on which he resided lay partly in that state and partly in this commonwealth, the line dividing the two states running through his farm; that the tax was assessed on that part of his farm which lies in this commonwealth, and in the parish aforesaid, consisting of about 100 acres; 70 acres of which were under cultivation, and the remaining 30 acres not cultivated; that the defendant, being collector of the tax, had demanded it of the plaintiff, who refused to pay, whereupon he was, in the parish aforesaid, arrested by the defendant, who claimed a right to do it by his warrant, and detained in custody about 12 hours, when the plaintiff paid the tax and charges of collection, amounting to something more than three dollars.

The Court (*Dana,* C. J., *Strong, Sedgwick,* and *Thacher,* justices) were clear that the defendant, the collector, had mistaken his remedy for the tax; that by the *7th sect. of the act passed March* 16, 1786, which provides for the collection of taxes assessed on the unimproved lands of non-resident proprietors, or improved lands of proprietors living out of the limits of this commonwealth, this tax was a *lien on the land only,* and not a *personal* charge; the collector therefore ought to have proceeded against the land in the way pointed out in the statute; and the plaintiff must consequently recover damages. But as there did not appear to have been any malice in the defendant, or that he exercised unnecessary rigor or severity in making the arrest, but that he believed he had a right to take the plaintiff's person for the tax; and
* therefore, although he had made an illegal arrest, yet as [ * 49 ]

it was from ignorance of the law, the jury would not probably give *exemplary* damages.

The counsel for the plaintiff then moved that they might be permitted to prove special damages occasioned to ᴠthe plaintiff by the arrest and detention.

The Court refused it, none being stated in the declaration. They said if the plaintiff had intended to avail himself of such evidence, the facts should have been laid in the declaration under a *per quod*, that the defendant might have come prepared to contest them.

The jury found for the plaintiff $5 damages.

The plaintiff's counsel moved for full costs. But the Court said they had no discretion on the subject, and overruled the motion.

*Ely* and *Ashmun* for the plaintiff. The *Attorney-General*, (*Sullivan*,) *Bliss*, and *Hooker*, for the defendant.

NOTE. By the third *sect.* of an act passed *Feb.* 13, 1787, (*stat.* 1786, c. 52. § 3.) it is enacted, "that in all actions of the case for slanderous words, *all actions for assault and battery, all actions for imprisonment*, and all actions for malicious prosecutions, hereafter prosecuted in any of the courts of record within this government, if the jury that inquire of the damages do find or assess the damages under £4, then the plaintiff, in such actions, shall have and recover only one half so much costs as the damages so found or assessed amount unto, *without any further increase of the same;* and in all other actions where the title to real estate does not come in question, in case the judgment for the debt or damage be under £4, the plaintiff shall be entitled to only one fourth part so much cost as the debt or damage, *unless, in the opinion of the court where the same shall be determined, the plaintiff had a reasonable expectation of larger damages than £4.*" The motion must have been made on the supposition that the Court *might* say that the plaintiff had, in this case, *a reasonable expectation to recover larger damages than £4;* but, upon attending to the statute, it seems to be very clear that their authority for that purpose does not extend to actions like that brought by the plaintiff in this case.

[ * 50 ]